1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVE J. SERR,

      Plaintiff,

   v.

JOSEPH LEHMAN,

      Defendants.

Case No. C04-5560RBL

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**June 24th, 2005**

      This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is defendant's motion for summary judgment. (Dkt. # 16). Plaintiff did not respond to the motion.

FACTS

      In the attachments to the motion for summary judgment defendant Lehman has come forward with evidence showing that contrary to the allegations in the compliant plaintiff's community release plan was reviewed and investigated. Plaintiff's plan was denied as the address plaintiff wanted to release to would not take a level III sex offender. (Dkt. # 16). Plaintiff never submitted another plan and was therefore held until his maximum release date. Thus, contrary to the allegation in the

REPORT AND RECOMMENDATION- 1

1  complaint plaintiff's plan was not arbitrarily denied.  (Dkt. # 4, page 4 ¶9).  The address of release

2  was not available to plaintiff.  Plaintiff never submitted another plan.  Further the record shows DOC

3  employees meeting with plaintiff at least twice to develop a plan.  (Dkt. # 16).  Plaintiff did not

4  respond to the motion for summary judgment.  Failure to respond to a motion may be deemed by the

5  court as a concession the motion has merit.  *See*, Local Rule 7 (b) (2).

6                                                    DISCUSSION

7  A.      The Standard.

8            Pursuant to Fed. R. Civ. P. 56 (C), the court may grant summary judgment "if the pleadings,

9  depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show

10  that there is no genuine issue of material fact and that the moving party is entitled to judgment as a

11  matter of law."  Fed. R. Civ. P. 56 (C).  The moving party is entitled to judgment as a matter of law

12  when the nonmoving party fails to make a sufficient showing on an essential element of a claim on

13  which the nonmoving party has the burden of proof.  Celotex corp. v. Catrett, 477 U.S. 317, 323

14  (1985).

15            There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a

16  rational trier of fact to find for the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio

17  Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative

18  evidence, not simply "some metaphysical doubt.").  *See also* Fed. R. Civ. P. 56 (e).  Conversely, a

19  genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed

20  factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  Anderson v.

21  Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical

22  Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

23  B.      On the merits.

24            The complaint contends that the defendant instituted policies to ensure that sex offenders

25  early release plans were denied.  Further, the complaint claims the plans were "arbitrarily denied" and

26  that plaintiff was denied "substantive due process".  (Dkt. # 4, pages 4 and 10, ¶ 10 and 26).

27            The defendants have placed evidence before showing plaintiff's plan was denied for valid

28  REPORT AND RECOMMENDATION- 2

1  reasons as the address he wished to release to was not available.  Thus, plaintiff has failed to come

2  forward with any evidence to support his contention that his plan was arbitrarily denied.  Defendant

3  Lehman is entitled to summary judgment as plaintiff has failed to show any constitutional violation.

4       Having reached this conclusion the court does not address any of the remaining arguments

5  raised in the motion.

6  CONCLUSION

7       Defendant has placed evidence before the court that refutes plaintiff's contention that he was

8  arbitrarily denied early release in violation of his substantive due process rights.  Plaintiff has not

9  responded to the motion.  Accordingly, the defendant's motion for summary judgment should be

10 **GRANTED**.  a proposed order and proposed order accompanies this Report and Recommendation.

11      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

12 parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.

13 R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

14 appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

15 72(b), the clerk is directed to set the matter for consideration on **June 24th, 2005**, as noted in the

16 caption.

17

18      DATED this 27th day of May, 2005.

19

20                           */S/ J. Kelley Arnold*

                          J. Kelley Arnold

21                           United States Magistrate Judge

22

23

24

25

26

27

28 REPORT AND RECOMMENDATION- 3